O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLSTATE INS. CO., as Subrogee for BRIAN MILLER,<br><br>         Plaintiff,<br><br>    v.<br><br>MAYFLOWER TRANSIT, LLC, and Does 1 to 20,<br><br>         Defendants. | Case No. EDCV 09-368-VAP (FMOx)<br><br>**[Motion filed on March 30, 2009]**<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

    Defendant Mayflower Transit, LLC's Motion for Summary Judgment came before the Court for hearing on April 13, 2009.  After reviewing and considering all papers filed in support of, and in opposition to, the Motion, as well as the arguments advanced by counsel at the hearing, the Court GRANTS the Motion.

## I. BACKGROUND

On January 5, 2009, Plaintiff Allstate Insurance Company ("Plaintiff"), as subrogee for Brian Miller, filed a form Complaint in the California Superior Court, Riverside County, against Defendant Mayflower Transit, LLC ("Defendant"), alleging the following claims: (1) "Motor Vehicle;" (2) "General Negligence;" and (3) "Equitable Subrogation." (See Not. of Removal at 7.) Defendant removed the action to this Court on February 20, 2009.

On February 25, 2009, Defendant filed a "Motion to Dismiss Complaint." Plaintiff filed Opposition on March 9, 2009; Defendant filed a Reply on March 16, 2009. On the face of Plaintiff's Complaint, it is unclear whether Brian Miller hired Defendant to move his belongings within California or outside of the state. On March 18, 2009, the Court, sua sponte, converted Defendant's Motion to Dismiss into a Motion for Summary Judgment to consider evidence of the interstate nature of the move and whether or not the Carmack Amendment completely preempts Plaintiff's California state law claims.

Pursuant to the Court's March 18 Order, Defendant filed a "Statement of Uncontroverted Facts and Conclusions of Law" ("SUF"), a supplemental brief, and the Declaration of Tina Gaugh ("Gaugh Declaration") on

2

March 30, 2009. Plaintiff filed Opposition, a "Statement of Genuine Issues" ("SGI"), and the Declaration of Sandra D. Lovern ("Lovern Declaration") on April 6, 2009.

## II. LEGAL STANDARD

A motion for summary judgment shall be granted when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The moving party must show that "under the governing law, there can be but one reasonable conclusion as to the verdict." Anderson, 477 U.S. at 250.

Generally, the burden is on the moving party to demonstrate that it is entitled to summary judgment. Margolis v. Ryan, 140 F.3d 850, 852 (9th Cir. 1998); Retail Clerks Union Local 648 v. Hub Pharmacy, Inc., 707 F.2d 1030, 1033 (9th Cir. 1983). The moving party bears the initial burden of identifying the elements of the claim or defense and evidence that it believes demonstrates the absence of an issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

When the non-moving party has the burden at trial, however, the moving party need not produce evidence negating or disproving every essential element of the

1  non-moving party's case.  Celotex, 477 U.S. at 325.
2  Instead, the moving party's burden is met by pointing out
3  there is an absence of evidence supporting the non-moving
4  party's case.  Id.

6     The burden then shifts to the non-moving party to
7  show that there is a genuine issue of material fact that
8  must be resolved at trial.  Fed. R. Civ. P. 56(e);
9  Celotex, 477 U.S. at 324; Anderson, 477 U.S. at 256.  The
10 non-moving party must make an affirmative showing on all
11 matters placed in issue by the motion as to which it has
12 the burden of proof at trial.  Celotex, 477 U.S. at 322;
13 Anderson, 477 U.S. at 252; see also William W. Schwarzer,
14 A. Wallace Tashima & James M. Wagstaffe, Federal Civil
15 Procedure Before Trial, 14:144.

17    A genuine issue of material fact will exist "if the
18 evidence is such that a reasonable jury could return a
19 verdict for the non-moving party."  Anderson, 477 U.S. at
20 248.  In ruling on a motion for summary judgment, the
21 Court construes the evidence in the light most favorable
22 to the non-moving party.  Barlow v. Ground, 943 F.2d
23 1132, 1135 (9th Cir. 1991); T.W. Electrical Serv. Inc. v.
24 Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630-31
25 (9th Cir. 1987).

**III. UNCONTROVERTED FACTS**

The following material facts are supported adequately by admissible evidence and are uncontroverted. They are "admitted to exist without controversy" for the purposes of this Motion. <u>See</u> Local Rule 56-3.

On or about May 25, 2007, Plaintiff's insured Brian Miller ("Mr. Miller") entered into a contract with Defendant "to transport certain of his household goods and effects from Anza, California to Golden Valley, Arizona." (Def.'s SUF ¶ 1.) At all relevant times, Defendant "operated as an interstate motor common carrier for household goods ...." (<u>Id.</u> at ¶ 6.)

Defendant moved Mr. Miller's belongings under a "Mayflower Combined Uniform Household Goods Bill of Lading ("Bill of Lading"), pursuant to [Defendant's] interstate operating authority." (<u>Id.</u> at ¶ 7.)

As Defendant, carrying Mr. Miller's personal belongings, was en route to the latter's Arizona residence, Defendant's truck crashed, damaging some of Mr. Miller's property. (<u>Id.</u> at ¶¶ 2, 4.) Defendant delivered some of his belongings on or about May 30, 2007 to his Arizona residence. (<u>Id.</u> at ¶ 3.) For the damage to Mr. Miller's property caused by the accident, Plaintiff paid $33,552 to Mr. Miller under his

homeowner's liability insurance policy with Plaintiff. (Id. at ¶ 5.)

## IV. DISCUSSION

Defendant moves for summary judgment on two grounds: (1) the Carmack Amendment entirely preempts Plaintiff's claims, warranting their dismissal; and (2) Mr. Miller failed to file timely his written claim for damages with Defendant, thus barring Plaintiff's claim for violation of the Carmack Amendment. (See Def.'s Supp. Br.)

**A.  Preemption under Carmack Amendment**

The Carmack Amendment, 49 U.S.C. § 14706, provides the exclusive remedy for damages claims arising out of an interstate shipping contract, and the statute completely preempts a state law contract claim for recovery of such damages. Hall v. N. Am. Van Lines, Inc., 476 F.3d 683, 688 (9th Cir. 2007). Furthermore, "[i]t is well settled that the Carmack Amendment constitutes a complete defense to common law claims alleging all manner of harms. It applies equally to fraud and conversion claims arising from a carrier's misrepresentations as to the conditions of delivery or failure to carry out delivery." Id. at 689 (internal citations and quotations omitted).

Here, the parties do not dispute the following material facts: (1) Mr. Miller hired Defendant to move his personal belongings from California to Arizona; and (2) the traffic accident occurred as Defendant was transporting Mr. Miller's belongings from California to Arizona. (See Def.'s SUF ¶ 1; Pl.'s SGI ¶ 1.) As this case involves the liability of an interstate carrier, the Carmack Amendment applies. See Hughes Aircraft Co. v. North American Van Lines, Inc., 970 F.2d 609, 611 (9th Cir. 1992); 49 U.S.C. § 14706.

Defendant shows Plaintiff seeks $33,552.27 for damage to Mr. Miller's property, paid by Plaintiff pursuant to Mr. Miller's insurance policy, resulting from Defendant's alleged negligence in packing its delivery truck, causing its instability, and ultimately turning over during the drive. (See Def.'s SUF ¶¶ 4, 5.) By doing so, Defendant shows Plaintiff's California state law claims seek enforcement of liability against an interstate carrier. Accordingly, Defendant meets its burden on this Motion to show Plaintiff's claims are preempted by the Carmack Amendment. See Celotex Corp., 477 U.S. at 323. Now, the burden shifts to Plaintiff to demonstrate a genuine issue of material fact that must be resolved at trial. Celotex, 477 U.S. at 324; Anderson, 477 U.S. at 256.

Plaintiff presents no argument or evidence to show the Carmack Amendment does not preempt its claims. Instead, Plaintiff argues, despite its failure to plead a Carmack Amendment claim, its allegations are sufficient to state a claim under the Carmack Amendment. (See Opp'n at 6.) Plaintiff misunderstands its burden in opposing this Motion; a party cannot overcome a summary judgment motion by its adversary with unsupported factual allegations in the Complaint. See Anderson, 477 U.S. at 249. Accordingly, Plaintiff fails to raise a triable issue of fact that its claims are not preempted by the Carmack Amendment.

The Court finds Plaintiff's California state law claims seek to enforce liability against Defendant, an interstate carrier; thus, they are preempted completely by the Carmack Amendment. Hall, 476 F.3d at 689.

**B.   Timeliness of Mr. Miller's Claim**

Defendant also moves the Court to grant summary judgment in its favor because it argues Mr. Miller never presented his claim to Defendant and Plaintiff sent a claim letter to Defendant in an untimely fashion. (See Supp. Br. at 5-8.) The terms and conditions of Defendant's Bill of Lading required that any claim for loss or damage to cargo must be filed within nine months of delivery of the cargo or, if there was a failure to

make delivery, within nine months after a reasonable time for delivery elapsed. (Def's. SUF ¶ 8.) Mr. Miller accepted delivery of a portion of his personal belongings from Defendant on May 30, 2007. (Id. at ¶ 3.) Defendant argues and presents evidence Mr. Miller never filed a written claim for loss or damage to his personal property and Plaintiff sent Defendant a claim letter past the nine month deadline. (Id. at ¶¶ 9, 10.) Accordingly, Defendant meets its burden on this Motion to show Plaintiff's claims are untimely. See Celotex Corp., 477 U.S. at 323. Now, the burden shifts to Plaintiff to demonstrate a genuine issue of material fact that must be resolved at trial. Celotex, 477 U.S. at 324; Anderson, 477 U.S. at 256.

In Opposition, Plaintiff presents the Declaration of Sandra D. Lovern, a claims adjuster employed by Plaintiff, who declares under penalty of perjury that she sent a claim letter to Defendant on November 28, 2007, well before the nine month deadline, to notify Defendant of Plaintiff's subrogation claim arising from the damage to Mr. Miller's property. (See Lovern Decl. at ¶ 3.) Plaintiff attaches the claim letter to Ms. Lovern's Declaration, as Exhibit 1.[1]  (Id. at Ex. 1 ("Initial

---

[1] Defendant objects to the authenticity of this document. (See Reply at 3.) The Court overrules this objection and finds the Lovern Declaration lays the proper foundation to establish the document's
(continued...)

Notice of Subrogation Claim").)  Plaintiff's claim form identified Mr. Miller as the "insured" and stated a subrogation claim was forthcoming.

As Defendant argues in its Reply, this claim form was insufficient to provide notice of Plaintiff's subrogation claim.  See 49 C.F.R. § 1005.2(b) (written claim arising out of bill of lading must contain: (1) facts sufficient to identify the shipment; (2) an assertion of liability for the loss; and (3) making a claim for payment of specified or determinable amount of money.)  On the face of Exhibit 1, Plaintiff's form did not contain facts sufficient to identify the shipment.  As such, Plaintiff's claim letter did not provide Defendant with sufficient notice of the claim.  Accordingly, Plaintiff fails to raise a triable issue of fact that it presented its claim to Defendant in a timely fashion.[2]

---

[1](...continued)
authenticity.

[2] At the hearing, Plaintiff's counsel urged the Court to consider two non-binding cases, (Salzstein v. Bekins Van Lines Inc., 993 F.2d 1187 (5th Cir. 1993) and Nedlloyd Lines, B.V., Corp. v. Harris Transport Co., Inc., 922 F.2d 905 (1st Cir. 1991)) that purportedly found there is an exception in insurance cases, whereby insurance companies are not required to comply with the strict notice requirement dictated by 49 C.F.R. § 1005.2(b).  The Court has considered both cases cited by counsel.  Both focus on the third prong of § 1005.2(b) and concern whether or not a claim must contain the actual amount of damages or be determinable in order to recover.  See Salzstein, 993 F.2d at 1190-91; Nedlloyd Lines, 922 F.2d at 908-09.  Although the Court finds the
(continued...)

**V. CONCLUSION**

For the foregoing reasons, the Court GRANTS Defendant's Motion for Summary Judgment as to all of Plaintiff's claims.

Dated: April 14, 2009

  /s/ Virginia A. Phillips
  VIRGINIA A. PHILLIPS
  United States District Judge

---

[2](...continued) cases actually support Defendant's position here, the Court need not reach this argument because the Court has determined Plaintiff's claim did not contain facts sufficient to identify the shipment; whether or not Plaintiff satisfied the third prong of § 1005.2(b) is of no consequence because it has not satisfied the first prong.